■ BANGOR CLOTHING CO., INC., Respondent-Appellant, v. SUPERIOR SPORTS-WEAR CORP., Appellant-Respondent.— Order, granting partial summary judgment to plaintiff, and the judgment entered thereon, unanimously modified, on the law and the facts, to the extent of granting plaintiff's motion for summary judgment in the full amount demanded in the complaint, less the sum of $500 paid by defendant on March 30, 1964, and, as so modified, the order and judgment are affirmed, with $50 costs and disbursements to plaintiff-appellant. We agree with Special Term that defendant failed to raise triable issues as to its defense that a trade custom existed for maintaining an open running account for periodic payments and on the defense that plaintiff, a foreign corporation, was precluded from maintaining the action because it was doing business in this State without having received authorization. However, we additionally find that no triable issue was raised as to defendant's claimed credit of $2,810 based on alleged damage to 281 suits. The 281 suits were delivered on November 15, 1963. The claim that the suits were defective in that there were oil stains upon each of them and that the lapels were improperly cut and sewn was not made until April 22, 1964 in the answer served in the instant action. The delay in asserting the claim was unreasonable, as a matter of law. Moreover, despite the alleged knowledge of such claimed defects and improper workmanship, the defendant, nevertheless, continued to make payments on account. Such conduct constitutes a waiver and estoppel to make the claims with respect to the alleged defects and improper workmanship. No credence can be given to the alleged oral agreement with plaintiff's president to give defendant a credit for $2,810. Apart from the bare and unsupported averment of such an oral arrangement, no factual averments were submitted to indicate any substance to the belated claim. All of the other facts, including plaintiff's repeated and uncontroverted demands for payment and the voluntary payments thereafter made by defendant without objection or suggestion that the amount due plaintiff was otherwise than is shown in the regularly submitted invoices and statements, stamp the claim of an oral agreement as a belatedly conceived claim interposed merely for the

purpose of delay. No bona fide triable issue was presented. Plaintiff was entitled to summary judgment in full. Concur — Botein, P. J. Breitel, Valente, McNally and Stevens, JJ.