## (March 6, 1967)

■ NEW YORK TELEPHONE COMPANY, Respondent, v. TELESYSTEMS CORPORATION, Appellant.— *Per Curiam*. Appeal by the defendant from (1) an order granting plaintiff's motion for summary judgment for the relief demanded in the complaint and from (2) the judgment entered thereon which, among other things, (a) permanently enjoins defendant from trespassing on space allocated to, and owned by plaintiff on utility poles owned jointly by plaintiff and the Village of Tupper Lake and (b) requires defendant to remove cables and equipment not complying with standards of construction and safety rules established in a certain agreement and located on the plaintiff's property. Appeal, also, from (3) an order denying defendant's motion for an order vacating or modifying a preliminary injunction. The order denying the motion of defendant for a modification should be affirmed. The facts relevant to a proper disposal of the other issues in this case are relatively few. It appears that on December 30, 1929 the plaintiff entered into an agreement with the Village of Tupper Lake (hereinafter referred to as Village) whereby certain utility poles then existing would become jointly owned and each party would have the right to use such poles. Thereafter, and on September 20, 1963, the same parties entered into a new contract as to their joint use of jointly owned utility poles which by its terms cancelled and superseded the 1929 agreement. As stated by the plaintiff in its brief upon this appeal, this contract provides that "Either party can allow third parties to use the poles, but such attachments are considered attachments of the party granting the permission". The defendant, pursuant to an agreement dated March, 1963 with the Village, was making attachments to jointly owned poles until the temporary injunction was entered in this case. The agreement which gives the defendant permission to use the jointly owned poles provides, among other things, that its attachments shall be in accordance with the National Electrical Safety Code and the joint use agreement between the plaintiff and the Village also incorporates this code identified as "EEI Publication M-12". Insofar as this case is concerned, there must be a neutral zone of 40 inches between the Village transmission lines and communication lines. In some instances the lines of the defendant are within the neutral zone. The 40-inch requirement is reasonable in order to keep the high voltage current from communication

equipment. We determine that it was the intention of the parties here involved that these safety specifications be observed by all joint users and be mutually enforcible. While the solution to the intricate and involved circumstances is, at first blush, complicated the issue finally resolves itself as follows: 1. The 1929 agreement provides in part (par. 23) that neither party shall grant any license or privilege to any third party to make attachments to any of the poles covered by the agreement without the written consent of the other party thereto and it is without dispute in this record that the defendant did not obtain permission for such attachments from the plaintiff herein and, therefore, acquired no rights under the contract, which was in effect at the time of entering into the agreement between the defendant and the Village. 2. The 1929 agreement was not terminated by any action of the Village. The agreement between the Village and the plaintiff, dated the 20th of September, 1963, was for the purpose of agreeing upon terms and conditions applicable to the joint use of facilities and fixtures and appurtenances jointly owned by the parties and while no formal allocation of space was spelled out in this contract, as it was in the 1929 contract, the appellant does not raise this issue on this appeal. The agreement did provide (par. 8) that any attachments by an outside party will be located in the allocated pole space owned by the grantor. It seems indisputable on this record that the attachments are either in the plaintiff's jointly owned space or in the neutral space. Therefore, the defendant obtaining no rights under the 1929 contract and assuming, but not conceding, that the defendant might have acquired some rights in 1963, the uncontroverted proof establishes that the attachments are within the jointly owned space of the plaintiff, the neutral zone, or both, which is prohibited, and the defendant is trespassing upon the pole. It matters not, based on the present record, what legal theory is applicable as the controlling facts in the affidavits of both parties are undisputed and these ultimate facts would not be changed by a further development of any of the other issues. Therefore, summary judgment is a proper remedy. Judgment and orders affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum *Per Curiam*.