■ MILTON MILSTEIN et al., Appellants, v. MONTEFIORE CLUB OF BUFFALO, INC., Respondent.— Order unanimously modified, on the law, to grant appellants' motion for summary judgment as to the first two causes of action and as modified affirmed, with costs, to appellants. Memorandum: Plaintiffs-appellants rendered architectural services for defendant-respondent over a period of years in connection with construction at two club houses owned by respondent. During the performance of the services and subsequent thereto respondent paid appellants $12,466.88 on account of services for the first work performed by appellants and $77,080.77 for later services. After respondent's failure to pay balances claimed by appellants this action was instituted. The complaint alleges three causes of action: the first for work performed at 806 Delaware Avenue for which plaintiffs claimed a balance due of $10,468.63; the second for $3,727.59 for interest accrued on the alleged balances on that work; and the third for $888.38 for the alleged balance due for services rendered at 417 Delaware Avenue. Respondent's answer contains a general denial and further alleges the Statute of Frauds as a defense to the three causes of action, legal insufficiency as to the second cause of action and the Statute of Limitations as a defense to the third. The answer also asserts two counterclaims, one for alleged negligent work and the second for membership dues allegedly owed to the club by appellant Milstein. Special Term denied appellants' motion for summary judgment on the three causes of action on the ground that the answer raised triable issues of fact. Appellant Milstein's affidavit in support of the motion has annexed to it five documents showing payments made on account from March 3, 1971 to April 4, 1973, the interest which had accrued on unpaid balances and, most importantly, a letter from respondent's treasurer stating that "We regret the inability to pay you the full amount that is due". The letter further promised additional payments "on May 15th" and stated that the club was "in regotiations at present to pay the entire balance; however, we beg your indulgence". Respondent's affidavit presents no evidentiary fact in opposition to appellants' motion. The repetition of conclusory statements, as contained in respondent's affidavit, does not preclude the granting of summary judgment (*Indig* v. *Finkelstein*, 23 N Y 2d 728, 729). Appellants having made out a prima facie case the burden was upon respondent to rebut by evidentiary facts and to demonstrate that there exists a triable issue of ultimate fact (*Green* v. *Irwin*, 28 A D 2d 971, 972; *Steingart Assoc.* v. *Sandler*, 28 A D 2d 801, 802-803). The movants' affidavit and documents establish a classical situation for an account stated. Respondent made payments over a period of 14 months without a word of complaint

or any suggestion that there was anything wrong with appellants' services or the bills they submitted. Respondent's letter of April 16, 1973 is almost a confession of judgment and is definite admission of an account stated. The validity of appellants' claim was acknowledged by the payments and by the request for an extension of time for payment of the balance (*Rik Shaw Assoc. v. Bronzini Shops*, 22 A D 2d 769, 770). Our Courts have uniformly held since *Lockwood v. Thorne* (11 N. Y. 170, 173) that where an account showing a balance has been received a party must within a reasonable time examine it and if he disputes its correctness, he must make his objections known. (See, also, *Spellman v. Muehlfeld*, 166 N. Y. 245, 248.) Although the complaint does not refer to the claim in the first cause of action as an "account stated", the proof in the record clearly makes it so. Having determined that appellants are entitled to summary judgment on the first cause of action, it follows that summary judgment also should be granted appellants on the second cause of action. "The mere presenting of the bill, if there were nothing more, constituted a sufficient demand to start interest running (*Blackwell v. Finlay*, 233 N. Y. 361)" (*Davison v. Klaess*, 280 N. Y. 252, 258). Special Term properly denied summary judgment on the third cause of action. It deals with services alleged to have been rendered from 1967 to 1969. There is no evidence that appellants ever furnished an account to defendant for these services. Furthermore, there is no evidentiary fact showing what payment was originally agreed upon or whether appellants seek payment on a *quantum meruit* basis. Respondent's denial in its answer has effectively prevented the resolution of this cause of action without a trial. The interposition of a counterclaim in defendant's answer for the alleged failure of plaintiffs to provide satisfactory supervision of construction was the first time defendant made any complaint about plaintiffs' services. The absence of a single criticism made to plaintiffs or to the construction contractor during the entire period of the work makes it clear that the counterclaim is without merit and presents no basis for denial of plaintiffs' motion. Plaintiffs concede that the second counterclaim for dues and charges is valid and they admit that the sum of $2,074.63 should be deducted from their recovery. Plaintiffs' motion for summary judgment on the first two causes of action is granted in the amount of $12,121.59. (Appeal from order of Erie Special Term in action for payment for work, labor and services.) Present — Marsh, P. J., Simons, Mahoney, Goldman and Witmer, JJ.