JAMES TALCOTT, INC., Respondent, v UNITED STATES TELE-PHONE COMPANY et al., Appellants.

First Department, May 18, 1976

*Clayton P. Knowles, Jr. (Marvin Kramer* with him on the brief), for appellants.

*Robert J. Clerkin* of counsel *(Hahn, Hessen, Margolis & Ryan,* attorneys), for respondent.

STEVENS, P. J. On or about July 3, 1969, defendant United States Telephone Company (United), an importer and marketer of decorator telephones, entered into a factoring agreement with plaintiff James Talcott, Inc. (Talcott) in order to finance its business operations. By the terms of the agreement, United would assign, without recourse, its accounts receivable to Talcott, for which Talcott would advance up to 90% of the said accounts receivable. According to United, the amounts advanced approximated 30% of the amount of the accounts receivable assigned to Talcott.

Monthly statements were sent to United by Talcott which were intended to reflect each month's transactions. Objections, if any, to such statements were to be made in writing within 30 days. The factoring method employed was full notification, that is, Talcott approved and bought accounts from United,

United notified its customers to pay Talcott directly, and Talcott credited the customers' payments to United and debited chargebacks, etc. to United. Under the system used, only Talcott could know if the monthly statements accurately and fairly represented each monthly payment. United's knowledge of its customers' payments was limited to what appeared on the monthly statements.

In February, 1972, this factoring arrangement with Talcott was discontinued. Thereafter, United's accountant met with Talcott's vice president in charge of United's accounts in an effort to determine what amount, if any, was due Talcott and to resolve any disputes concerning United's accounts. Talcott asserts that in mid-1973 it was determined that $47,000 was due Talcott. United disputes that any moneys are due Talcott. In its verified complaint, Talcott sought to recover $56,865 as the sum due. However, in an affidavit verified August 6, 1974 and submitted in support of its motion for summary judgment, an assistant vice-president of Talcott asserts that presently due from United and the remaining defendants, who are guarantors of United's factoring agreement, is the sum of $61,194.65, audited and adjusted from the sum of $62,660.08.

As indicated, Talcott sued to recover the sum of $56,865 plus attorney's fees. In its verified answer, United, in addition to a general denial, interposed a counterclaim seeking damages for customers and business allegedly lost because of Talcott's failure to properly credit payments made by United's customers, as well as by its improper and unwarranted demands for payment on certain of such customers. Thereafter, United demanded a bill of particulars of Talcott's claim. Talcott moved to vacate certain items of the demand and separately moved for summary judgment, asserting that the monthly statements rendered were retained by United without written objection. United disputed this and also stated that there were constant oral complaints by it to Talcott which were considered and acted upon in effecting adjustments on accounts where amounts paid to Talcott were not credited properly. United asserts it would learn of Talcott's omissions through complaints made to it by its customers who failed to receive proper credit.

Special Term granted summary judgment to Talcott on the first and third causes of action on the theory of an account stated.The first cause was against United and the third cause against the other defendants as guarantors of United's obliga-

tion. The second and fourth causes which sought attorney's fees were severed and referred to a Special Referee.

While there are occasions when an account stated may arise between a principal and a factor, and an account stated may sometimes result from the retention without objection of accounts current, this is not such a case. "[T]he very meaning of an account stated is that the parties have come together and agreed upon the balance of indebtedness, *insimul computassent*, so that an action to recover the balance as upon an implied promise of payment may thenceforth be maintained *(Volkening v. De Graaf,* 81 N.Y. 268, 271)." *(Newburger-Morris Co. v Talcott,* 219 NY 505, 512.) Where an account has been examined and accepted by both parties, whether the acceptance be expressed or implied from the circumstances, a failure to object within a reasonable time may bind a party unless he can show its incorrectness. The failure to object raises a presumption of correctness which may be rebutted by proof of any circumstances tending to a contrary inference *(Lockwood v Thorne,* 18 NY 285).

The course of dealing or factoring between the parties was one of full notification. Under that system accounts listed by Talcott in the monthly statements sent to United could well have been correct as to such accounts; however, United could merely verify the arithmetic accuracy of the statements, and was not in a position to otherwise determine the correctness of or object to matters disclosed in the statements. There is a sharp dispute as to whether the accounts listed constituted *all* of the accounts in question and whether they reflected proper credit for all payments made by United's customers to Talcott. There is also a dispute as to whether all payments made by United's customers on certain accounts were properly credited to United's account or were not identified and were therefore credited to a general cash account maintained by Talcott. United claims further that the computerized process adopted by Talcott resulted in chaos insofar as it affected the maintenance of proper account records. The fact that the parties labored long and diligently after termination of the agreement to strike a correct balance; that Talcott at some point in 1973 concluded and asserted that $47,000 represented the correct balance due, while United asserted there was no balance due Talcott; that Talcott later claimed due $56,865, the sum now sued for; and, that still later, in an affidavit, Talcott asserts that $61,194.65 is the correct figure, all tend to negate any

claim that the parties accounted together. Under such circumstances, there is no basis in law for concluding that there was a mutual examination of each other's claims by the parties or that there was mutual agreement as to the correctness of the balance upon a final adjustment *(Lockwood v Thorne, supra,* p 288).

United asserts that based upon complaints from its customers, it made continual oral objections to errors or discrepancies in the accounts and that these were accepted and acted upon by Talcott and that any necessary adjustments were made. If this be proven, there may well be a question as to whether Talcott waived its right to insist upon timely written objections. "Account stated, even when pleaded as a defense or proved on the trial, is not conclusive as a settlement, if mistake or other equitable considerations are shown to impeach it." *(Hopwood Plays v Kemper,* 263 NY 380, 385.)

United's counterclaim for $200,000 damages because of alleged harassment and annoyance of its customers by Talcott was properly dismissed. Beyond conclusory allegations, United produced no evidence of a substantial character in support of its charges. "It is incumbent upon a defendant who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs, in order to show that the matters set up in his answer are real and are capable of being established upon a trial." *(Di Sabato v Soffes,* 9 AD2d 297, 301.)

Talcott's motion to vacate certain items of United's demand for a bill of particulars was denied as academic, but without prejudice, because of the disposition of Talcott's motion for summary judgment. In light of our disposition herein, Talcott should be afforded an opportunity to have this motion disposed of on its merits.

Accordingly, the order entered March 20, 1975, in the Supreme Court, New York County (TYLER, J.), should be modified on the law so as to deny plaintiff's motion for summary judgment, and the matter should be remanded for disposition of plaintiff's motion to vacate items of defendant United's demand for a bill of particulars. As so modified, the order should otherwise be affirmed, without costs to either party.

MARKEWICH, MURPHY, CAPOZZOLI and LANE, JJ., concur.

Order, Supreme Court, New York County, entered on March 20, 1975, unanimously modified, on the law, so as to deny

plaintiff's motion for summary judgment, and the matter remanded for disposition of plaintiff's motion to vacate items of defendant United's demand for a bill of particulars. As so modified, the order is otherwise affirmed, without costs and without disbursements.