PARKER CHAPIN FLATTAU & KLIMPL (Formerly PARKER, CHAPIN & FLATTAU), Appellant, v DAELEN CORPORATION (Formerly KARDELL CORPORATION), Respondent.

First Department, November 10, 1977

### APPEARANCES OF COUNSEL

*Stephen F. Harmon* of counsel *(Elliot Cohen* with him on the brief; *Parker Chapin Flattau & Klimpl,* attorneys *pro se),* for appellant.

*Franklin B. Velie* of counsel *(Steven A. Coploff* with him on the brief; *Gordon Hurwitz Butowsky Baker Weitzen & Shalov,* attorneys), for respondent.

### OPINION OF THE COURT

EVANS, J.

The plaintiff brings an action for attorneys' fees based upon accounts stated. The amount of the fees sought by the plaintiff

are some $57,591.83. Those fees were stated by plaintiff in two separate accounts. The first account, dated January 30, 1974, is for services rendered to December 31, 1973, and constitutes the third cause of action. The second, dated February 6, 1976 is for services rendered between February, 1974 and December, 1975, and constitutes the sixth cause of action.

It has been held that an account stated "is an account balanced and rendered, with an assent to the balance express or implied; so that the demand is essentially the same as if a promissory note had been given for the balance". *(Volkening v De Graaf,* 81 NY 268, 270; *Interman Ind. Prods. v R.S.M. Electron Power,* 37 NY2d 151.) An account stated may be established between an attorney and his client *(Rodkinson v Haecker,* 248 NY 480). The essentials of an account stated have been set forth here and are not seriously disputed by the defendant. The former president of defendant sets forth that he reviewed the 1974 account stated and acknowledged it, and that when his interest in the corporation was redeemed later in 1974, this outstanding balance was taken into account. The then comptroller of the defendant corporation states that the new president advised him in 1975 that he intended to pay the January 1974 account, and in 1976 at a meeting with one of plaintiff's partners, the president again acknowledged the existence of the debt and voiced an intent to pay it at the conclusion of a tax audit then being conducted. There is also an agreement by Karen Cohen that as part of a business transaction she would assume a percentage of defendant's liabilities and on the schedule attached thereto are set forth the legal fees owed to plaintiff. These facts render inescapable the conclusion that the statement of account was balanced and rendered to defendant and was assented to either expressly or impliedly. Moreover, standing by themselves as uncontradicted admissions, each is sufficient by itself to substantiate plaintiff's claim. There are no issues of fact warranting a trial, and summary judgment should have been granted to plaintiff on its third cause of action for an account stated. (See *New York Tel. Co. v Telesystems Corp.,* 27 AD2d 866.)

In addition, and as a further admission of the indebtedness, the record contains an August 1976 letter over defendant's signature to the effect that a check in the amount of $28,373.19 had been prepared for payment to plaintiff. Parenthetically, that amount is 57.5% of the amount of the 1974 statement. Defendant had entered into an agreement with

Karen Cohen whereby she would assume 42.5% of defendant's obligations.

■ The sixth cause of action is likewise predicated upon an account stated in the amount of $13,994.30, of which $5,746.15 has been paid leaving a balance due of $8,248.15. Defendant made partial payment of this account and such payment constituted an acknowledgment of the validity of the bill, thereby establishing it as an account stated. (See *Rik Shaw Assoc.,* 22 AD2d 769, and *Milstein v Montefiore Club of Buffalo,* 47 AD2d 805.)

Defendant goes on to argue, not that the bill is not an account stated, but that it is only responsible for 57.5% of it. Plaintiffs' bill would seem to substantiate that position. The bill in question, dated February 6, 1976, is captioned: "The Daelen Corporation and Karen B. Cohen" and ends with:

"Pro rate portion"

| | | |
|---|---|---|
| The Daelen Corporation | (57.5%) | $ 8,046.15 |
| Karen B. Cohen | (42.5%) | 5,947.15 |
| | | 13,994.30 |

■ Clearly, the plaintiffs are rendering a bill to both parties, and in so doing, make an election to have them both as debtors. There is at least an issue of fact as to whether there is a mere acknowledgment of the existing private agreement to have Mrs. Cohen assume some of the debts of the defendant, or whether on the other hand the plaintiff has agreed that Daelen's liability shall be only 57.5% of the total bill. The results would have been different if they had not made this acknowledgment; therefore, the court can only grant partial summary judgment in the amount of $8,046.15, with credit to the defendant for any partial payments that have been made by it.

■ ■ Special Term found that defendant's counterclaim was so intertwined with the sixth cause of action as to be inseparable. The counterclaim, however, merely makes conclusory allegations in general language not calculated to put the parties and court on notice as to the transactions intended to be proven and the material elements of each cause of action or defense (CPLR 3013). (See, also, *Foley v D'Agostino,* 21 AD2d 60, 69.) The defendant sets forth no facts to show that plaintiff acted negligently, contenting itself with conclusory allegations which are legally insufficient to charge an attorney with negligence and malpractice. The party must show that

but for the negligence, the particular result sought by the client would or could have been achieved *(Schmitt v McMillan,* 175 App Div 799). There are no immediately apparent common questions of law existing between the sixth cause of action, which is one based upon an account stated, and defendant's counterclaim which is based on a mere allegation of negligence.

Accordingly, the order of the Supreme Court, New York County (RICCOBONO, J.), entered April 25, 1977, denying plaintiffs' motion for summary judgment on the third and sixth causes of action and to dismiss or sever the counterclaim should be modified on the law to grant summary judgment on the third cause of action for $48,344.68; to grant partial summary judgment on the sixth cause of action for $8,046.15 with credit for any partial payments that have been made by the Daelen Corporation; to sever the remainder of the action; and to dismiss the counterclaim without prejudice; and in all other respects should be affirmed, without costs.

Settle order on notice.

LUPIANO, J. P., SILVERMAN and MARKEWICH, JJ., concur.

Order, Supreme Court, New York County, entered on April 25, 1977, unanimously modified, on the law, to grant summary judgment on the third cause of action for $48,344.68; to grant partial summary judgment on the sixth cause of action for $8,046.15 with credit for any partial payments that have been made by the Daelen Corporation; to sever the remainder of the action; and to dismiss the counterclaim without prejudice; and in all other respects affirmed, without costs and without disbursements.

Settle order on notice.