◼ JOSEPH L. MAROTTA, Doing Business as MOHAWK CONTRACTING, Respondent, v ANTHONY CORATTI, Doing Business as GLOBE CONSTRUCTION COMPANY, Appellant.—Appeal (1) from an order of the Supreme Court at Special Term, entered October 1, 1979 in Schenectady County, which granted summary judgment to plaintiff on his second cause of action and (2) from the judgment entered thereon. Plaintiff's complaint asserts two causes of action. The first seeks to recover the value of labor and materials provided to defendant in the latter part of May, 1976. The second, on which summary judgment has been granted in plaintiff's favor, is based on an account stated arising from the same transaction. Defendant contends an issue of fact exists precluding summary relief on that cause of action. We agree. While it is conceded plaintiff supplied certain fill materials at an agreed price of $1.25 per cubic yard, defendant's answer, his bill of particulars and supplemental bill of particulars, and his affidavit opposing plaintiff's motion allege that objections were registered to plaintiff's invoices for such work. In particular, defendant maintains he questioned the cubic yardage actually delivered and, as one of his counterclaims reflects, insisted that his equipment was damaged by defendant in the performance of the agreement. The dates on which defendant voiced these objections are not set forth with consistency, but his pleadings and affidavits make it plain he did not expressly or impliedly accept defendant's statements as representing a proper balance. The invoices did not give defendant credit for a payment made at the time the work was completed and they were first mailed over seven months later. We doubt whether the theory of an account stated calls for any objection under these circumstances (see Interman Ind. Prods. v R. S. M. Electron Power, 37 NY2d 151, 155-156), but we have no difficulty in concluding that defendant has presented sufficient refutation of plaintiff's claim to raise a triable issue of fact. Accordingly, the order and judgment should be reversed and plaintiff's motion denied (cf. Milstein v Montefiore Club of Buffalo, 47 AD2d 805). Order and judgment reversed, on the law, and plaintiff's motion denied, with costs. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.