■ GENERAL MOTORS ACCEPTANCE CORPORATION, Respondent, v FAIRWAY DODGE SALES, INC., Appellant and Third-Party Plaintiff-Appellant. JEAN G. MURPHY et al., Third-Party Defendants-Respondents. (Appeal No. 1.) — Order unanimously modified and, as modified, affirmed, with costs to third-party plaintiff against third-party defendants, and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with the following memorandum: Plaintiff, the holder of a perfected security interest in a 1972 Chevrolet Vega automobile which existed by virtue of a retail installment sales contract between John Murphy and Dan Creed Chevrolet, Inc., was properly granted summary judgment in its conversion action against defendant to whom the Vega was traded as a down payment on a new 1975 Dodge automobile by third-party defendant Jean G. Murphy. Special Term properly concluded that no triable issue of fact existed except as

to the amount of damages. At the trial which was ordered on the issue of damages plaintiff proved by competent and sufficient evidence that the value of the Vega exceeded the amount of the lien on November 21, 1975, the date of the conversion. The sales contract between Ms. Murphy and defendant, which was appended to a reply affidavit submitted on the motion for summary judgment on the third-party complaint, was properly received in evidence as an informal judicial admission (Richardson, Evidence [Prince, 10th ed], § 217, p 193). The trade-in allowance for the Vega specified in this sales contract was some evidence of value which, together with proof of retail market value established by reference to a dealer guide book and the interpretation by plaintiff's witness of what trade-in value indicates in terms of market value, was sufficient proof to support the trial court's conclusion. The court, however, erred in not granting defendant's cross motion for summary judgment in its third-party action against Ms. Murphy and Robert M. Davis for fraud in the transfer of the Vega to defendant. Ms. Murphy's executed sales contract with defendant, which required her to deliver "satisfactory evidence of title" to the trade-in, contained an express warranty that the Vega was free and clear of all liens and encumbrances. The sales contract contained a provision that the writing comprised the complete and exclusive statement of the terms of the agreement. Ms. Murphy's claim of a contemporaneous oral agreement between the parties and her son, John Murphy, who, she claims, traded in the Vega, does not establish a triable issue of fact. A writing intended by the parties to be the final and exclusive statement of their agreement may neither be contradicted nor supplemented by parol evidence (Uniform Commercial Code, § 2-202, subd [b]). In addition Ms. Murphy executed a legal retail installment contract to finance her purchase which also warranted that the Vega was free from any lien or security interest. This warranty is applicable regardless of who actually passed title to the Vega. Further, third-party defendant Davis unconditionally guaranteed payment of all amounts owing under the retail installment sales contract. That contract provided that a breach of warranty that a trade-in vehicle is free from any lien or security interest constitutes a default, in which event the entire balance becomes immediately due and payable. Once Ms. Murphy defaulted, third-party plaintiff was free to proceed against either Murphy or Davis or both, and summary judgment should have been granted on its motion as against both Murphy and Davis. The case is remitted to Trial Term, Erie County, for an immediate trial to determine the amount of damages for which judgment should be granted in favor of Fairway Dodge Sales, Inc., against Jean G. Murphy and Robert M. Davis. (Appeal from order of Erie Supreme Court — summary judgment.) Present — Cardamone, J.P., Simons, Callahan, Denman and Schnepp, JJ.