■ MATTHEW BENDER & COMPANY, INC., Respondent, v GOPALJEE JAISWAL, Appellant. — Appeal from an order of the Supreme Court at Special Term (Pitt, J.), entered July 1, 1982 in Albany County, which granted plaintiff's motion for summary judgment and dismissed defendant's answer and counterclaim. Defendant was a certified public accountant who had previously purchased professional textbooks from plaintiff, a law book publisher. On May 5, June 14 and June 22, 1977, defendant purchased certain legal textbooks from plaintiff in anticipation of his admission to the practice of law in this State, an event which occurred on July 7, 1977. Following nonpayment after delivery of the texts and repeated demands for payment, plaintiff commenced this action against defendant for goods sold and delivered and for an account stated in the sum of $1,414.55. Defendant's answer stated that the books were sold on approval and that a condition of the oral agreement made with plaintiff's sales representative was that defendant had a right to return the textbooks if he decided they were not useful. Defendant also counterclaimed for damages to cover the costs of storage for the books and for mental anguish caused by plaintiff's incessant demands for payment. Plaintiff's motion seeking summary judgment on its complaint and striking defendant's answer was granted. This appeal by defendant ensued. We affirm. Here, the invoices of sale for the textbooks involved were received by defendant within a reasonable time after the alleged oral contract of sale. The invoices were on the letterhead of plaintiff and contained the names and addresses of the buyer and the seller, the date, the payment terms, the price of the books, a description of the books, the total price of the sale and, on the reverse side of each invoice, a description of the

sale which entitled the purchaser to return the merchandise within 30 days for full repayment. These invoices represent the final written expression of the agreement of the parties with respect to the terms included therein and may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement (Uniform Commercial Code, § 2-202). While subdivision (a) of section 2-202 provides that such final written agreement may be explained or supplemented "by course of dealing or usage of trade * * * or by course of performance", such references herein only reinforce plaintiff's argument that it had dealt with defendant on occasions prior to the date of the subject sales and defendant had always honored his contract. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Levine, JJ., concur.