■ RAFFAELE BATTISTA, Respondent, v RICHARD L. RADESI, Appellant.—Judgment unanimously affirmed, without costs. Memorandum: Defendant appeals from a judgment granting plaintiff's motion for summary judgment. Plaintiff, a licensed wine wholesaler, entered into an agreement providing that defendant would be the exclusive distributor of Geloso brand wines in western New York. Pursuant to the agreement, defendant received a shipment of 1,000 cases of wine at a total price of $18,808.75. Defendant signed the invoice which contained the words "net 45 days" in the box marked "terms". After five months had passed and defendant had paid only $500 for the shipment, plaintiff commenced this action for the balance due. In his answer, defendant claimed that the parties had agreed that payment would not be due until defendant's entire inventory was sold. By making partial payment without objection, defendant acknowledged the validity of the amount due, thereby establishing an account stated *(Parker Chapin Flattau & Klimpl v Daelen Corp.,* 59 AD2d 375). Defendant then had the burden of offering evidence that a triable issue of fact existed *(Milstein v Montefiore Club,* 47 AD2d 805). We find defendant's assertion that the parties had agreed to different terms of payment inadequate to meet that burden. A writing intended by the parties to be the final expression of their agreement may not be contradicted by evidence of any prior agreement (UCC 2-202; *General Motors Acceptance Corp. v Fairway Dodge Sales,* 80 AD2d 740, 741). Here, the invoice, which included the names and addresses of the parties, the date, payment terms, a description and price of each of the wines purchased, and a total price for the shipment, represented a final expression of the parties *(Bender & Co. v Jaiswal,* 93 AD2d 969). (Appeal from judgment of Supreme Court, Monroe County, Sira-

cuse, J.—summary judgment.) Present—Doerr, J. P., Boomer, O'Donnell, Pine and Schnepp, JJ.