■ KAY-BEE TOYS CORPORATION, Respondent, v WINSTON

Sports Corporation, Also Known as Windsor, Appellant, et al., Defendant. [625 NYS2d 208] —Order, Supreme Court, New York County (Walter Schackman, J.), entered on or about March 7, 1994, which, *inter alia,* granted the motion by plaintiff for summary judgment to the extent of declaring that defendant Winston Sports Corporation ("Winston") had agreed to acquire liability insurance naming the plaintiff as an additional insured and to indemnify and hold the plaintiff harmless, *inter alia,* from any verdict, judgment or settlement against the plaintiff in connection with an action captioned *Eric S. Monohan and Steven Monohan v Winston Sports Corp. and Kay-Bee Toy Corp.* (Sup Ct, NY County [index No. 15350/ 91] ["the *Monohan* action"]), unanimously affirmed, with costs.

The IAS Court properly determined that defendant Winston was contractually obligated by the provisions on the reverse side of the parties' purchase orders for the sale of goods to indemnify the plaintiff for any liability arising as a result of the *Monohan* action and to add plaintiff's name to defendant's liability policy and to provide therein for coverage of contractual indemnity.

The interpretation of the clear and unambiguous terms of the parties' purchase orders, including the valid and enforceable indemnity clause which was negotiated at arm's length, was for the court *(Long Is. R. R. Co. v Northville Indus. Co.,* 41 NY2d 455, 461), since it is recognized in New York that purchase orders may create a binding contract *(Polygram, S. A. v 32-03 Enters.,* 697 F Supp 132, 135; *Thomaier v Hoffman Chevrolet,* 64 AD2d 492, 495).

The purchase orders, which contained the names and addresses of the parties, the date, the price, and a description of the goods sold, and which, on the reverse side thereof, clearly set forth the terms and conditions of the purchase order, represented the final written expression of the parties with respect to the terms included therein, which may not be contradicted by parol evidence *(Battista v Radesi,* 112 AD2d 42; *General Motors Acceptance Corp. v Fairway Dodge Sales,* 80 AD2d 740, 741).

Defendant's contentions, that the purchase orders were faxed to defendant without the pertinent terms and conditions on the reverse side and that the indemnity provisions of the purchase orders upon which the underlying action is based materially and improperly altered a prior existing oral agreement between the parties pursuant to UCC 2-207 (2) (b), have

not been preserved as a matter of law for appellate review *(Douglas Elliman-Gibbons & Ives v Kellerman,* 172 AD2d 307, *lv denied* 78 NY2d 856). Were this Court to address these claims in the interests of justice, however, we would affirm. The record reveals that the argument that only one side of the purchase order was faxed was not supported by an affidavit by a person with personal knowledge of the facts *(Hatzlachh Supply Co. v Bank of Am.,* 188 AD2d 298, *affd* 81 NY2d 1031). The record also reveals a prior course of dealing between the parties as well as the defendant's actions in purchasing insurance on plaintiff's behalf, and thus established that defendant was aware of and had assented to the terms of the hold harmless, indemnity and insurance provisions in the purchase order *(Michel & Co. v Anabasis Trade,* 72 AD2d 715, *affd* 50 NY2d 951). Concur—Sullivan, J. P., Ellerin, Wallach, Asch and Williams, JJ.