■■■ WILLIAM F. FEHRINGER, P.C.S., P. C., Appellant, v THOMAS CRIMMINS CONTRACTING CORP., Respondent.—Order unanimously reversed on the law with costs, motion granted and cross motion denied. Memorandum: The court erred in denying plaintiff's motion for summary judgment and in granting defendant a conditional order of preclusion (CPLR 3042 [c], [e]). Plaintiff served a summons and verified complaint, dated June 8, 1989, alleging causes of action for breach of contract and account stated, and demanding judgment in the amount of $49,425.25. With its answer of July 11, 1989, defendant served a demand for a bill of particulars requesting, inter alia, specifics of the services rendered by plaintiff and information regarding how the value of each service was calculated.

Without responding to the demand, plaintiff moved, on August 15, 1989, for summary judgment. In support of the motion, plaintiff offered account reconciliation statements, invoices, work orders and correspondence which established its entitlement to judgment on the account stated in the amount of $49,425.25 (see, CPLR 3212 [b]; Parker Chapin

*Flattau & Klimpl v Daelen Corp.,* 59 AD2d 375). Defendant opposed the motion on the sole basis that its demand for a bill of particulars showed that there are unresolved questions of fact. Additionally, defendant cross-moved to dismiss the complaint and for a conditional order of preclusion based on plaintiff's failure timely to respond to or to move against the demand for a bill.

At the time it moved for summary judgment, plaintiff was not subject to an order of preclusion and thus was not barred from establishing its entitlement to summary judgment. Since plaintiff established its cause of action "sufficiently to warrant the court as a matter of law in directing judgment" in its favor (CPLR 3212 [b]), defendant "was required to produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact" *(Iselin & Co. v Mann Judd Landau,* 71 NY2d 420, 425; *Zuckerman v City of New York,* 49 NY2d 557). Defendant failed in this regard, and the court should have granted plaintiff's motion for summary judgment. (Appeal from order of Supreme Court, Nassau County, Burke, J.—summary judgment.) Present—Dillon, P. J., Doerr, Boomer, Pine and Davis, JJ.