■ ASIATIC PETROLEUM CORPORATION, Respondent, v. CHARLES WOLF et al., Defendants, and MAURICE WOLF, Appellant.— Judgment, Supreme Court, New York County, entered May 5, 1970, and order of said court entered on April 30, 1970, modified, on the law, to the extent of reversing and vacating so much of each as directs judgment against Maurice Wolf, and otherwise affirmed, without costs and without disbursements. There were three motions pending before the court at Special Term. The first was a motion by the corporate plaintiff for summary judgment in lieu of complaint in the amount of $85,000 against a corporate defendant, National Fuel Terminals (National). The second was a motion by National to stay the motion for summary judgment against it pending arbitration between the *corporations*. There was also a long form complaint outstanding by the corporate plaintiff suing the individual defendants (each named Wolf) on the unconditional guarantee of the obligations of the corporate defendant National. The third motion before Special Term was a motion to stay any activity on this complaint pending arbitration between the corporations. The theory for the stay was that the amount due on the guarantee could not be computed until the obligation of the corporate defendant was established by the arbitrators. The court below properly denied the stays since arbitration had not been initiated and it could be deemed abandoned. The denial of summary judgment in lieu of complaint against National on the notes owed by it, on the ground that National was since adjudicated bankrupt, was also proper under the circumstances. However, the court had no motion before it nor any authority to grant summary judgment against the individual defendants on their unconditional guarantee. Procedural due process would require that the individual defendants have an opportunity to be heard on the merits before a grant of summary judgment against them. Concur — Murphy, Lane and Capozzoli, JJ.; Markewich, J. P., and Kupferman, J., dissent in the following memorandum by Kupferman, J.: An action was commenced in 1968 by plaintiff Asiatic Petroleum Corp. by notice of motion for summary judgment in lieu of complaint, against the corporation, National Fuel Terminals, Inc., in which Maurice, Charles and Emanuel Wolf* were the principals. In the action against the corporation, that defendant contended that arbitration was the proper forum, but National Fuel Terminals, Inc., never instituted arbitration proceedings, and in 1970 it was adjudged a bankrupt. In 1968, an action was also filed against the individuals as guarantors of the obligations of National Fuel Terminals, Inc., and the all-encompassing unconditional guarantee, which they had signed, was attached to the complaint. No answer was forthcoming to this complaint, but in 1969 the individual defendants moved by order to show cause for a stay of the action instituted against them on the guarantee pending the outcome of the supposed arbitration between the plaintiff and the corporation. Mr. Justice Streit at Special Term had three motions before him, the one for summary judgment in lieu of complaint, that of the corporate defendant for a stay pending arbitration, and the motion of the individual defendants afore-mentioned. (N. Y. L. J., Feb. 26, 1969, p. 21, cols. 2-3.) In deferring a determination on the individual guarantors' stay request to a later motion day, he stated: "The first and second causes of

---

* The appeals of codefendants Charles Wolf and Emanuel Wolf having been dismissed for failure to prosecute (N. Y. L. J., Jan. 10, 1973, p. 2, col. 1) the appeal only of defendant Maurice Wolf is here involved.

action alleged against the guarantors are identical to those asserted against National in the discontinued action — which will now be the subject of an arbitration proceeding. The third cause asserted is identical to that raised in the CPLR 3213 action against National. The fourth and fifth causes alleged against the guarantors do not appear, on their face, to involve the same issues as the other proceedings herein (and thus would not merit a stay) but some uncertainty exists. The guarantors would be well advised to resolve the uncertainty by joining issue in this action prior to the resubmission of those motions as directed below." The matter seems to have been in limbo pending some resolution of the situation involving National Fuel Terminals, Inc., and finally in 1970, three motions came on before Special Term based on the foregoing, and the appeal here is from the determination granting accelerated judgment on the guarantee against the individual defendant-appellant. He contends that he should have an opportunity to be heard on the merits. However, he was in default and has no standing to raise the question, nor did he seek leave to file an answer nor indicate a meritorious defense.