■ ROSENMAN COLIN FREUND LEWIS & COHEN, Appellant, v CARL H. NEUMAN, Respondent. — Order, Supreme Court, New York County (Ryp, J.), entered May 21, 1982 which granted partial summary judgment to plaintiff on the first, second, third and fifth causes of action in the complaint on the question of liability only and directed an assessment of damages on those causes of action, modified, on the law, to grant partial summary judgment to

plaintiff on its first three causes of action in the amount of damages demanded therein, to provide that full payment of the amount demanded in the third cause of action will satisfy the first and second causes of action, to deny summary judgment to plaintiff on the fifth cause of action and sever the fourth and fifth causes of action for trial, and otherwise affirmed, without costs. The complaint sets forth five causes of action for legal services rendered to defendant during various time periods, the first, second, third and fifth based solely on the theory of accounts stated. The third cause of action includes the damages demanded in the first and second causes of action. The fourth cause of action based on *quantum meruit* is not involved in this appeal, and demands recovery for the same services as the fifth cause of action upon an account stated. As to the first two causes of action, plaintiff has submitted defendant's written acknowledgment of indebtedness in the claimed amounts less defendant's partial payments on account. The amounts that defendant acknowledged were due plaintiff in this document, dated May 18, 1977, were not contested by defendant until this suit was commenced in January, 1981. It has long been established that "'where an account is made up and rendered, he who receives it is bound to examine the same, or to procure some one to examine it for him; if he admits it to be correct, it becomes a stated account and is binding on both parties — the balance being the debt which may be sued for and recovered at law'" (*Lockwood v Thorne,* 11 NY 170, 174). Even if defendant had received plaintiff's accounts and did not expressly assent, but failed to object to them within a reasonable time, he would be bound by them as accounts stated unless fraud, mistake or other equitable considerations were shown. (*Fink, Weinberger, Fredman, Berman & Lowell v Petrides,* 80 AD2d 781; *Chisholm-Ryder Co. v Sommer & Sommer,* 70 AD2d 429.) Plaintiff has clearly established accounts stated, expressly assented to by defendant in writing, and we find defendant's belated objections insufficient to raise genuine factual issues warranting denial of summary judgment on the first two causes of action. The third cause of action is based upon meeting, held on January 7, 1980 between defendant and Murray Cohen, a partner in the plaintiff law firm, at which defendant allegedly agreed to make full payment of his indebtedness as reflected in invoices dated December 26, 1979, and supported by a letter from defendant dated January 8, 1980 confirming that meeting and his agreement to discharge his indebtedness through January 1, 1980 pursuant to a specified schedule. Cohen's affidavit submitted in support of the summary judgment motion stated that $183,649.20 was the amount agreed upon as then owing to plaintiff, and that defendant made regular monthly payments pursuant to the schedule totaling $110,000 during the period January through May, 1980, leaving a balance due of $73,649.20. Defendant has not contradicted Cohen's version of the January 7, 1980 meeting, and admits writing the January 8 letter and thereafter making partial payments in accordance with his promise in the letter. Accordingly, plaintiff's motion for partial summary judgment on the first three causes of action should have been granted in the amounts claimed. (*Parker Chapin Flattau & Klimpl v Daelen Corp.,* 59 AD2d 375.) The fifth cause of action is based upon defendant's retention without objection of plaintiff's bills in 1980 and 1981 when the parties' attorney-client relationship was deteriorating. Under all the circumstances presented, including the contemporaneously deteriorating relationship, we do not find that defendant's retention of plaintiff's bills without objection creates a sufficiently clear inference of acquiescence to warrant summary judgment to plaintiff as to liability or damages. Plaintiff's motion for partial summary judgment as to the fifth cause of action should have been denied. Concur — Sandler, J. P., Sullivan, Ross, Carro and Milonas, JJ.