## (May 17, 1983)

■ KOHL & MADDEN PRINTING INK CORP., Appellant, v GOSHEN LITHO, INC., Respondent. — Order, Supreme Court, New York County (M. Evans, J.), entered October 25, 1982, which denied plaintiff's motion for summary judgment and for an order dismissing defendant's affirmative defenses and counterclaims unanimously reversed, on the law, with costs, plaintiff's motion granted in its entirety and defendant's affirmative defenses and counterclaims are dismissed, and summary judgment awarded to plaintiff in the amount of $134,536.61, plus interest from October 20, 1981, costs and disbursements. The plaintiff, Kohl & Madden Printing Ink Corp. (K & M), commenced selling ink to the defendant, Goshen Litho, Inc. (Goshen), in 1972 or 1973, and has been Goshen's principal supplier since late 1975. During the period from December, 1980 through April, 1981 Goshen ceased paying K & M's bills. After April, 1981 K & M refused to sell any more ink to Goshen. On July 1, 1981 K & M rendered a final statement of account to Goshen in the sum of $154,536.61. In August, 1981 K & M agreed to a schedule of payments in full satisfaction of the final account, pursuant to which Goshen delivered a series of 15 postdated checks for $10,000 each, payable monthly, commencing August 20, 1981, and a final check dated November 20, 1982 for $4,536.61. The first two checks were deposited and cleared. Goshen stopped payment on the third $10,000 check, which was payable October 20, 1981. On December 9, 1981 K & M commenced an action for goods sold and delivered and for an account stated for the balance due. In its answer Goshen asserted four affirmative defenses and counterclaims based on fraud and breach of warranty, alleging in essence that during the period from 1975 through April, 1981 the ink supplied by K & M was

defective. Plaintiff moved for summary judgment and for an order dismissing Goshen's affirmative defenses and counterclaims. Special Term denied the motion, finding that factual issues were presented. We disagree, and accordingly reverse to grant K & M's motion in all respects. In its answering papers on the motion for summary judgment, Goshen alleged in substance that starting with 1976 it from time to time (the times not being fixed) complained to unidentified K & M personnel that the ink supplied did not perform appropriately; that since it did not trap or dry properly and have the proper gloss Goshen was required to slow the operating speed of its presses and change the paper that it used; that it was assured by unidentified K & M personnel that the ink was equivalent to the best quality ink manufactured by the plaintiff and sold to the industry, and that the reason it did not perform as required was that the paper being used by Goshen was improper and that Goshen's printing presses functioned improperly; that because of K & M's reputation in the industry Goshen relied upon the statements of K & M's personnel and continued to use K & M's ink. Goshen's answering papers also alleged that in the spring of 1981 it sent samples of K & M's inks to a firm of consulting chemists for analysis with instructions to formulate inks with improved performance characteristics; that on July 8, 1981 the chemists rendered a report that suggested minor changes in the formulations of the inks that had been received from K & M; and that the batches of inks thereafter prepared according to these recommendations permitted defendant to secure satisfactory results while running their presses at full operating speed. Goshen alleged that it was this discovery that led to the direction to stop the checks which had been provided pursuant to the schedule of payments agreed to in August, 1981. Significantly, Goshen did not claim in its answering papers that the failure to pay K & M's bills for the period extending from December, 1980 to April, 1981 was attributable to its dissatisfaction with the quality of K & M's inks, nor is any explanation for that failure set forth. Indeed, Goshen's answering papers do not specify when, with regard to the agreed schedule of payments of August, 1981, it became aware of the superior performance characteristics of the modified inks recommended by its consulting chemists. We discern no factual issues raised by Goshen's answering papers sufficient to justify denial of K & M's motion for summary judgment. That Goshen accepted and used K & M's inks without payment for a period of some four months with full awareness of their performance characteristics is clear (see Uniform Commercial Code, § 2-607). Nor do we believe that the intermittent updated oral complaints to unidentified K & M personnel over the several years in which Goshen was receiving and using those inks constitute the kind of notice within a reasonable time after a buyer discovers or should have discovered any breach that preserves Goshen's right to avail itself of damages in regard to accepted goods. (See Uniform Commercial Code, § 2-607, subd [3], par [a]; §§ 2-714, 2-715; see, also, 2 Anderson, Uniform Commercial Code [2d ed], § 2-607:43.) In effect Goshen denies its obligation to pay for inks received and used over a period of four months, and seeks to recover damages for inks used over a period of years, on the basis of an alleged belated discovery that a chemist it employed for the purpose, using K & M's inks, was able to introduce modifications which improved the performance of the inks. Nothing in these studiously evasive allegations raises a factual question requiring a trial. Summary judgment for K & M would be independently warranted under the facts presented on the ground that Goshen's agreement in August, 1981 to pay the full amount of K & M's final bill of July 1, 1981 constituted an account stated. (See *Rosenman, Colin, Freund, Lewis & Cohen v Neuman,* 93 AD2d 745.) Settle order on notice. Concur — Murphy, P. J., Kupferman, Sandler, Sullivan and Alexander, JJ.