(April 23, 1990)

■ Dennis C. Collins, Appellant-Respondent, v John C. Lawrence, Respondent-Appellant. (Action No. 1.) John C. Lawrence et al., Respondents-Appellants, v Dennis C. Collins, Appellant-Respondent. (Action No. 2.)—In an action, *inter alia,* to recover legal fees (action No. 1) and in an action, *inter alia,* to recoup, as excessive, legal fees already paid (action No. 2), Dennis C. Collins appeals from a judgment of the Supreme Court, Suffolk County (Doyle, J.), entered June 24, 1988, which, *inter alia,* directed him to pay certain escrow funds in the sum of $57,576.43, plus interest, to John C. Lawrence and Cornelia H. Haywood, doing business as The Paddocks, a partnership, in action No. 2; and John C. Lawrence, individually, and John C. Lawrence and Cornelia H. Haywood, doing business as The Paddocks, a partnership, separately appeal, as limited by their brief, from so much of the same judgment as (1) upon a jury verdict, awarded Dennis C. Collins the principal sum of $5,875 on the first cause of action and the principal sum of $375 on the second cause of action as against John C. Lawrence in action No. 1, (2) dismissed the first and third counterclaims in action No. 1, and (3) dismissed the second, third and fourth causes of action in action No. 2.

Ordered that the appeal by Dennis C. Collins is dismissed, as abandoned, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed insofar as appealed from by John C. Lawrence, individually, and John C. Lawrence and Cornelia H. Haywood, doing business as The Paddocks, a partnership, without costs or disbursements.

The related actions concern Dennis C. Collins' entitlement to legal fees and real estate brokerage commissions for certain work he performed on behalf of John C. Lawrence, individually, and John C. Lawrence and Cornelia H. Haywood doing

business as The Paddocks, a partnership (hereinafter The Paddocks).

We find no basis to disturb the jury's findings that Dennis C. Collins was entitled to the principal sums of $5,875 and $375 for legal work he performed with respect to John C. Lawrence's personal dealings. Further, Dennis C. Collins was entitled to retain $35,000 paid to him for the legal work he performed in obtaining approval of the subdivision of certain real property owned by John C. Lawrence and The Paddocks. Since there was no showing of fraud, mistake or other equitable consideration, the payment of this sum without objection is binding on Lawrence and The Paddocks (see, *Rosenman Colin Freund Lewis & Cohen v Neuman,* 93 AD2d 745; *Parker Chapin Flattau & Klimpl v Daelen Corp.,* 59 AD2d 375, 377).

We have reviewed the remaining contentions of the appellants John C. Lawrence and The Paddocks and find them to be without merit. Thompson, J. P., Brown, Lawrence and Balletta, JJ., concur.