■ WEEKS OFFICE PRODUCTS, INC., Respondent, v CHEMICAL BANK, Appellant, et al., Defendants, et al., Third-Party Plaintiffs, et al., Third-Party Defendants.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered September 5, 1991, which denied defendant-appellant's motion for summary judgment, unanimously affirmed, without costs.

We agree with the IAS court that the Uniform Commercial Code was inapplicable to wire transfers prior to the enactment of article 4-A *(see, Bradford Trust Co. v Texas Am. Bank,* 790 F2d 407; *Evra Corp. v Swiss Bank Corp.,* 673 F2d 951, *cert denied* 459 US 1017; *Delbrueck & Co. v Manufacturers Hanover Trust Co.,* 609 F2d 1047), and that defendant's reliance on UCC 4-406 (4) as a one-year time bar to the action is therefore unavailing.

Article 4-A, which provides for a similar one-year limitation period (UCC 4-A-505), cannot be applied retroactively as a matter of law *(Banque Worms v BankAmerica Intl.,* 77 NY2d 362). Plaintiff, a non-moving party before the IAS court, urges

that it should be granted summary judgment upon a search of the record on appeal. Defendant not having had an opportunity to respond to such application before the Motion Court, it would be inappropriate to entertain such request at this juncture, particularly since discovery is still being conducted relative to possible defenses which may be available to defendant bank. *(See,* prior decision at 169 AD2d 560.) Concur— Rosenberger, J. P., Ellerin, Wallach, Smith and Rubin, JJ.