■ JOHN AND MARY MARKLE FOUNDATION, Respondent, v MANUFACTURERS HANOVER TRUST COMPANY, Appellant. [619 NYS2d 109] —In an action to recover damages for breach of contract, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Christ, J.), entered October 19, 1992, which, upon granting the plaintiff's motion for summary judgment, is in favor of the plaintiff and against it in the principal sum of $356,310.50.

Ordered that the order and judgment is affirmed, with costs.

This case involves the wire transfer of funds from a two-signature checking account upon the oral request of only one necessary party. Article 4 of the Uniform Commercial Code is thus inapplicable because it does not specifically address the problems of electronic funds transfer *(see, Delbrueck & Co. v Manufacturers Hanover Trust Co.,* 609 F2d 1047, 1051; *see also,* Official Comment, McKinney's Cons Laws of NY, Book 62½, UCC 4-A-102, at 559). Moreover, article 4-A of the Uniform Commercial Code does not apply to wire transfers which occurred, as here, prior to January 1, 1991 *(see, Weeks Off. Prods. v Chemical Bank,* 180 AD2d 419).

It is undisputed that pursuant to a corporate resolution filed with the bank, two signatories were required for the withdrawal of any funds. Therefore, payment by the bank of funds by a wire transfer which was orally authorized by only one individual was clearly improper *(see, Tonelli v Chase Manhattan Bank,* 41 NY2d 667; *German Educ. Tel. Network v Bankers Trust Co.,* 109 AD2d 684).

The unauthorized transfer of funds was made possible by the bank's failure to heed the specific instructions contained in the corporate resolution. In view of the bank's conduct in this case, the plaintiff should not be bound by its failure to object to any account statements purportedly sent to it by the bank *(see, Rosenman Colin Freund Lewis & Cohen v Neuman,* 93 AD2d 745, 746; *see also, Jewett v Manufacturers Hanover Trust Co.,* 48 Misc 2d 1094, 1097).

We also note that the bank has failed to raise a genuine issue of fact with regard to the apparent authority of the depositor's treasurer to withdraw the depositor's funds. The mere fact that the bank dealt exclusively with the depositor's treasurer with regard to its account is insufficient to establish

that the treasurer had apparent authority to circumvent the express dictates of the corporate banking resolution *(see, Ford v Unity Hosp.,* 32 NY2d 464).

We have examined the bank's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Friedmann and Goldstein, JJ., concur.