**In re ROCKEFELLER CENTER PROPERTIES & RCP Associates, Debtors.**

**National Broadcasting Company, Inc., Claimant–Appellant,**

v.

**Rockefeller Center Properties & RCP Associates, Debtors–Appellees.**

**Docket No. 01–5059.**

United States Court of Appeals, Second Circuit.

Sept. 19, 2002.

Appeal from the United States District Court for the Southern District of New York (Preska, J.).

C. William Phillips, Covington & Burling, New York, NY, for Appellant.

Gary J. Mennitt (Earl H. Nemser, on the brief), Swidler Berlin Shereff Friedman, LLP, New York, NY, for Appellees.

Present ELLSWORTH Van GRAAFEILAND, DENNIS JACOBS and ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be, and it hereby is, **AFFIRMED.**

Appellant–Claimant National Broadcasting Company, Inc. ("NBC"), appeals from a judgment of the United States District Court for the Southern District of New York (Preska, J.) affirming a grant of partial summary judgment by the Bankruptcy Court (Beatty, B.J.), which disallowed a portion of NBC's claim against Debtors–Appellees Rockefeller Center Properties ("RCP") and RCP Associates (collectively, the "Debtors"). NBC seeks to recover millions of dollars in alleged rent overcharges it paid as a tenant from 1989 to 1992 to the Debtors, who formerly owned and operated Rockefeller Center. The bankruptcy court granted Debtors' motion for partial summary judgment, holding that the claim for the 1989–1992 lease years was barred by the doctrine of account stated; that NBC did not provide evidence of mistakes, errors, or equitable considerations sufficient to reopen an account stated; and that NBC was not entitled to further discovery relating to the 1989–1992 lease years. In the alternative, the bankruptcy court held that NBC's claim was barred by the doctrine of estoppel *in pais* because Debtors were prejudiced by NBC's failure to timely object to the alleged rent overcharges.

On appeal, the district court affirmed the bankruptcy court's account stated and discovery holdings. The district court found error in the bankruptcy court's holding that NBC's claim was also barred by estoppel *in pais*. NBC now appeals. We affirm the holdings on account stated and discovery; we therefore do not reach the issue of estoppel *in pais*.

## I.

The Debtors filed for bankruptcy in May 1995. RCP Associates had been the owner or ground lessee of most buildings comprising Rockefeller Center, and RCP was primarily responsible for managing and operating the property. NBC filed a Proof of Claim against Debtors on September 13, 1995, alleging that it had been overcharged rent.

The lease at issue, entered into on December 1, 1988, provided for payment of a stated annual rent plus an amount of "Additional Rent." Generally, Additional Rent would be calculated, using a certain base year, by multiplying (1) the percentage of rentable space occupied by NBC by (2) the increase in the costs of operating and maintaining Rockefeller Center. Each month, NBC was required to pay 1/12 of the previous lease year's actual Additional Rent (as estimated Additional Rent for the current lease year). At the end of the lease year, Debtors calculated the actual Additional Rent due for the lease year just ended and sent NBC an Escalation Statement, a one-page document showing the actual amount of Additional Rent due during the lease year just ended and the amount due in favor of either NBC or the Debtors. The lease required "prompt" payment of the monthly estimated Additional Rent and any necessary final adjusting payment.

When NBC filed its Proof of Claim, the Escalation Statements for lease years 1989–1992 had been in NBC's possession for at least two years, and NBC had paid all of the amounts due under these statements.

The lease provided that NBC had a right within six months of receiving an Escalation Statement to request substantiation of the Additional Rent computation.

In August 1991, NBC discovered an error in the way Debtors had been calculating certain elevator charges since March 1989 as a result of Debtors' use of a new spreadsheet. A few days later, Debtors credited NBC with the amount it had been overbilled. In February 1992, NBC discovered that it had been overbilled by approximately $2000 per month from July 1989 until February 1992 and notified the Debtors. The causes of this overbilling were a miscalculation of a credit to be given to remove real estate taxes from the base rent and of the amount charged for certain space. Debtors issued a credit soon thereafter.

NBC's Proof of Claim demanded approximately $16 million on the basis of allegedly improper calculation of Additional Rent from lease year 1987 until the date of the bankruptcy filing. Debtors objected to the Proof of Claim and joined a motion for partial summary judgment as to the portion of the Proof of Claim for lease years 1987–1993 with a motion for a stay of discovery pending determination of the summary judgment motion. NBC conceded that its claims for lease years 1987 and 1988 were barred by the statute of limitations.

The Proof of Claim does not specify the nature of any Additional Rent overcharges. In opposition to summary judgment, NBC provided a report, prepared by the accounting firm BDO Seidman, which categorized the alleged overcharges. According to NBC, items that were explicitly or impliedly excluded by the leases from the Additional Rent calculation were improperly included.

The bankruptcy court granted Debtors' motion for partial summary judgment with respect to lease years 1989–1992.[1] The bankruptcy court held that (1) the claim for lease years 1989–1992 was barred by

1. The bankruptcy court denied summary judgment for lease year 1993.

the doctrine of account stated; (2) NBC did not provide evidence of mistakes, errors, or equitable considerations sufficient to reopen the account stated; (3) in the alternative, NBC's claim was barred by the doctrine of estoppel *in pais;* and (4) NBC was not entitled to further discovery relating to the 1989–1992 lease years. NBC appealed to the district court, which affirmed the rulings on account stated and discovery, but reversed as to estoppel *in pais.*

## II.

We conduct plenary review of orders entered by the district court in its capacity as an appellate court in bankruptcy cases. *In re Best Prods. Co.,* 68 F.3d 26, 29 (2d Cir.1995). We review a bankruptcy court's factual findings for clear error and its legal conclusions *de novo. Id.*

Bankruptcy Court Rule 7056 adopts Rule 56 of the Federal Rules of Civil Procedure, which provides that a party is entitled to summary judgment when "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56; *see also* Bankr.R. 7056. We must "draw all inferences in favor of [NBC], and affirm only when no reasonable trier of fact could have found for [NBC]." *Grappo v. Alitalia Linee Aeree Italiane, S.p.A.,* 56 F.3d 427, 431 (2d Cir. 1995).

■ Under the doctrine of account stated, a party receiving an account is obligated to inspect it, and if that party "admits it to be correct, it becomes a stated account and is binding on both parties." *Kramer, Levin, Nessen, Kamin & Frankel v. Aronoff,* 638 F.Supp. 714, 719 (S.D.N.Y.1986) (quoting *Lockwood v. Thorne,* 11 N.Y. 170, 174 (1854)). The admission may be implied if the party does not object to the statement of account "within a reasonable amount of time." *Id.* (citing *Rosenman Colin Freund Lewis & Cohen v. Neuman,* 93 A.D.2d 745, 461 N.Y.S.2d 297, 298–99

(App.Div.1983)); *see also Willard Helburn, Inc. v. Spiewak,* 180 F.2d 480, 483 (2d Cir.1950). Once an account is stated, it may be reopened only upon a showing of fraud, mistake, or other equitable considerations. *Kramer, Levin, Nessen, Kamin & Frankel,* 638 F.Supp. at 719.

The district court affirmed the bankruptcy court's conclusion that an account stated arose out of the lease year 1989–1992 Escalation Statements because NBC waited too long after receiving the Escalation Statements to mount its challenge. The district court also rejected NBC's contentions that (1) the Debtors' correction of rent miscalculations in 1991 and 1992 reflected a practice to adjust the accounts whenever warranted, and (2) the statements lacked sufficient detail to constitute statements of account. For substantially the reasons provided by the district court in its August 1, 2001 Memorandum and Order, we agree that the accounts were stated when NBC filed its Proof of Claim. We also agree that the bankruptcy court properly determined that none of the alleged overcharges qualify as mistakes sufficient to reopen the stated accounts.

■ The bankruptcy court rejected NBC's bid to conduct additional discovery, pursuant to Rule 56(f), concerning the lease year 1989–1992 Additional Rent calculations. The district court agreed that NBC is merely speculating that further discovery will yield evidence of legally cognizable mistakes. We review the bankruptcy court's denial of NBC's discovery request for abuse of discretion, *see Paddington Partners v. Bouchard,* 34 F.3d 1132, 1137 (2d Cir.1994), and find none.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**