**In re ROCKEFELLER CENTER PROPERTIES, and RCP Associates, Debtors.**

**The Chase Manhattan Bank, Appellant,**

**v.**

**Rockefeller Center Properties, Rcp Associates, Debtor–Appellees.**

**Docket No. 02–5008.**

United States Court of Appeals, Second Circuit.

Sept. 19, 2002.

Henry L. Goodman, Katten Muchin Zavis Rosenman, New York, N.Y. (William H. Schrag and William C. Heuer, Morgan, Lewis & Bockius LLP, New York, NY, on the brief). for Appellant.

Gary J. Mennitt (Earl H. Nemser, on the brief), Swidler Berlin Shereff Friedman, LLP, New York, NY, for Appellees.

Present ELLSWORTH VAN GRAAFEILAND, DENNIS JACOBS, and ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be, and it hereby is, **AFFIRMED.**

Appellant JPMorgan Chase Bank ("Chase"), formerly known as The Chase Manhattan Bank and Chemical Bank ("Chemical"), and successor-in-interest to Manufacturers Hanover Trust Company ("MHT"), appeals from a judgment of the United States District Court for the Southern District of New York (Preska, J.) affirming a grant of partial summary judgment by the Bankruptcy Court (Beatty, B.J.), which disallowed a portion of Chase's claim against Debtor–Appellees Rockefeller Center Properties ("RCP") and RCP Associates (collectively, the "Debtors"). Chase seeks to recover millions of dollars in alleged rent overcharges it paid as a tenant from 1989 to 1993 to the Debtors, who formerly owned and operated Rockefeller Center. The bankruptcy court granted Debtors' motion for partial summary judgment, holding that the claim for the 1989–1993 lease years was barred by the doctrine of account stated; that Chase did not provide evidence of mistakes, errors, or equitable considerations sufficient to reopen an account stated; and that Chase was not entitled to further discovery relating to the 1989–1993 lease years. In the alternative, the bankruptcy court held that Chase's claim was barred by the doctrine of estoppel *in pais* because Debtors were prejudiced by Chase's failure to timely object to the alleged rent overcharges.

On appeal, the district court affirmed the bankruptcy court's account stated and discovery holdings. The district court found error in the bankruptcy court's holding that Chase's claim was also barred by estoppel *in pais*. Chase now appeals. We

affirm the holdings on account stated and discovery; we therefore do not reach the issue of estoppel *in pais*.

## I.

The Debtors filed for bankruptcy in May 1995. RCP Associates had been the owner or ground lessee of most buildings comprising Rockefeller Center, and RCP was primarily responsible for managing and operating the property. Chase[1] filed a Proof of Claim against Debtors on September 12, 1995, alleging that it had been overcharged rent.

There are five leases relevant to this case:[2] (1) a lease for office space at 600 Fifth Avenue, under which MHT was the original tenant ("MHT 600 Fifth Avenue Lease"); (2) a lease for office space at 30 Rockefeller Plaza and 1250 Avenue of the Americas under which MHT was the original tenant ("MHT 30 Rockefeller Plaza Branch Lease"); (3) a lease for office space at 30 Rockefeller Plaza and 1250 Avenue of the Americas under which Chemical was the original tenant ("Chemical 30 Rockefeller Plaza Office Lease"); (4) a lease for space at 1230 Avenue of the Americas, under which MHT was the original tenant ("MHT 1230 Avenue of the Americas Lease"); and (5) a lease for office space at 75 Rockefeller Plaza, under which Chemical was the original tenant ("75 Rockefeller Plaza Lease"). The bankruptcy court found that the Debtors were not liable under this fifth lease because they were not listed as landlords.[3]

The leases provided for payment of a stated annual rent plus an amount of "Additional Rent." Generally, Additional Rent would be calculated, using a certain base year, by multiplying (1) the percentage of rentable space occupied by Chase by (2) the increase in the costs of operating Rockefeller Center. Each month, Chase was required to pay $\frac{1}{12}$ of the previous lease year's actual Additional Rent (as estimated Additional Rent for the current lease year). At the end of the lease year, Debtors calculated the actual Additional Rent due for the lease year just ended and sent Chase an Escalation Statement, a one-page document showing the actual amount of Additional Rent due during the lease year just ended and the amount due in favor of either Chase or the Debtors. The leases required "prompt" payment of the monthly estimated Additional Rent and any necessary final adjusting payment.

When Chase filed its Proof of Claim, the Escalation Statements for lease years 1989–1993 had been in Chase's possession for at least one-and-a-half years, and Chase had paid all of the amounts due under these statements by June 1994.

The Chemical 30 Rockefeller Plaza Office Lease provided that Chase had a right within six months of receiving an Escalation Statement to request substantiation of the Additional Rent computation. Debtors were required to preserve related documentation for one year after the end of each lease year. The MHT 1230 Avenue of the Americas Lease provided a no-interest grace period should MHT request substantiation of the Escalation Statements, provided that such a request be made "promptly" after receipt of statement.

---

1. "Chase" will be used generically to refer to JPMorgan Chase, The Chase Manhattan Bank, Chemical, and MHT unless specification is necessary.

2. The Proof of Claim identified a sixth lease that allegedly provided a basis for the claim, but the parties subsequently agreed that this lease provided no such basis.

3. The lessor on the 75 Rockefeller Plaza Lease is listed as "Rock–75 Plaza, Inc."

Neither Chemical nor MHT ever performed an audit of any of the Escalation Statements for lease years 1989–1993 prior to filing the Proof of Claim.

In 1992, Chemical sent a letter to Debtors rejecting the Escalation Statements for lease years 1991 and 1992 under the MHT 600 Fifth Avenue Lease.[4] The letter also objected to the lease year 1990 payment it had already paid. Chemical's objection was that the space had been vacant for the previous three years. In June 1994, Chemical issued two checks to Debtors, one for the operating expense escalations due under the MHT 600 Fifth Avenue Lease, and the second for the amount due as a result of Chemical's inadvertent underpayment of monthly escalation billings under the MHT 30 Rockefeller Plaza Branch Lease. Each check was marked "Paid under Protest," and a letter accompanying the checks stated that the "checks are marked 'Paid under Protest' and in no way constitute the Bank's acceptance of the escalations as billed, nor does it waive any of the Bank's rights under the lease." The letter did not specify any objection, and there was no evidence that Chase pursued the protest.

Chase's Proof of Claim demanded approximately $8 million on the basis of allegedly improper calculations of Additional Rent from lease year 1989 until 1995. Debtors objected to the Proof of Claim and joined a motion for partial summary judgment as to the portion of the Proof of Claim for lease years 1989–1993 with a motion for a stay of discovery pending determination of the summary judgment motion.

The Proof of Claim does not specify the nature of any Additional Rent overcharges. In opposition to summary judgment, Chase provided a report, prepared by the accounting firm BDO Seidman, which categorized the alleged overcharges. According to Chase, items that were explicitly or impliedly excluded by the leases from the Additional Rent calculation were improperly included.

The bankruptcy court granted Debtors' motion for partial summary judgment with respect to lease years 1989–1993.[5] The bankruptcy court held that (1) the claim for lease years 1989–1993 was barred by the doctrine of account stated; (2) Chase did not provide evidence of mistakes, errors, or equitable considerations sufficient to reopen the account stated; (3) in the alternative, Chase's claim was barred by the doctrine of estoppel *in pais;* and (4) Chase was not entitled to further discovery relating to the 1989–1993 lease years. Chase appealed to the district court, which affirmed the rulings on account stated and discovery, but reversed as to estoppel *in pais.*

## II.

We conduct plenary review of orders entered by the district court in its capacity as an appellate court in bankruptcy cases. *In re Best Prods. Co.*, 68 F.3d 26, 29 (2d Cir.1995). We review a bankruptcy court's factual findings for clear error and its legal conclusions *de novo. Id.*

Bankruptcy Court Rule 7056 adopts Rule 56 of the Federal Rules of Civil Procedure, which provides that a party is entitled to summary judgment when "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56; *see also* Bankr.R. 7056. We must "draw all inferences in favor of [Chase], and affirm only when no reasonable trier of fact could have found for

---

**4.** Chemical and MHT merged in 1991.

**5.** Chase's claim for lease years 1994 through July 17, 1996 was severed.

[Chase]." *Grappo v. Alitalia Linee Aeree Italiane, S.p.A.,* 56 F.3d 427, 431 (2d Cir. 1995).

Under the doctrine of account stated, a party receiving an account is obligated to inspect it, and if that party "admits it to be correct, it becomes a stated account and is binding on both parties." *Kramer, Levin, Nessen, Kamin & Frankel v. Aronoff,* 638 F.Supp. 714, 719 (S.D.N.Y.1986) (quoting *Lockwood v. Thorne,* 11 N.Y. 170, 174 (1854)). The admission may be implied if the party does not object to the statement of account "within a reasonable amount of time." *Id.* (citing *Rosenman Colin Freund Lewis & Cohen v. Neuman,* 93 A.D.2d 745, 461 N.Y.S.2d 297, 298–99 (1983)); *see also Willard Helburn, Inc. v. Spiewak,* 180 F.2d 480, 483 (2d Cir.1950). Once an account is stated, it may be reopened only upon a showing of fraud, mistake, or other equitable considerations. *Kramer, Levin, Nessen, Kamin & Frankel,* 638 F.Supp. at 719.

■ The district court affirmed the bankruptcy court's conclusion that an account stated arose out of the lease year 1989–1993 Escalation Statements because Chase waited too long after receiving the Escalation Statements to mount its challenge. The district court also rejected Chase's contentions that (1) the statements lacked sufficient detail to constitute statements of account, and (2) its 1992 letter and 1994 "payments under protest" served as blanket objections to the accounts. For substantially the reasons provided by the district court in its January 7, 2002 Memorandum and Order, we agree that the accounts were stated when Chase filed its Proof of Claim. We also agree that the bankruptcy court properly determined that none of the alleged overcharges qualify as mistakes sufficient to reopen the stated accounts.

■ The bankruptcy court rejected Chase's bid to conduct additional discovery, pursuant to Rule 56(f), concerning the lease year 1989–1993 Additional Rent calculations. The district court agreed that Chase is merely speculating that further discovery will yield evidence of legally cognizable mistakes. We review the bankruptcy court's denial of Chase's discovery request for abuse of discretion, *see Paddington Partners v. Bouchard,* 34 F.3d 1132, 1137 (2d Cir.1994), and find none. We also agree that Chase has provided no reason that it is entitled to discovery for the 75 Rockefeller Plaza Lease.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**