Judgment, Supreme Court, New York County (Debra A. James, J.), entered March 10, 2011, in the amount of $2,211,279.25 in favor of plaintiffs as against defendants-appellants (hereinafter defendants) Brilliant Technologies Corporation (BTC), Advanced Technology Industries, Inc. (ATI), and Allan Klepfisz, unanimously modified, on the law, to vacate the judgment as against Klepfisz, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered on or about February 28, 2011, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiffs moved for partial summary judgment only against BTC and ATI, not against Klepfisz. Therefore, the motion court should not have granted judgment against him (see e.g. Asiatic Petroleum Corp. v Wolf, 41 AD2d 617 [1973]). Plaintiffs’ argument that summary judgment against Klepfisz was proper because — in addition to moving for summary judgment against BTC and ATI — they made a separate motion to strike defendants’ answer, is without merit; the IAS court denied plaintiffs’ motion to strike defendants’ answer, and plaintiffs did not appeal from that denial.
The court should have applied German rather than New York law to the June 2001 loan agreement and its amendments. The loan agreement clearly chooses German law and “[a]s a general matter, the parties’ manifested intentions to have an agreement governed by the law of a particular jurisdiction are honored” (Freedman v Chemical Constr. Corp., 43 NY2d 260, 265 n [1977]). There was a reasonable basis for choosing German law; the loan agreement shows that ATI’s address was in Germany. Since German law — like New York law — prohibits usury, its application would not violate New York public policy.
*617 In support of their cross motion to take judicial notice of German law and summary judgment dismissing the complaint, defendants submitted an unsigned, unsworn letter from their German lawyer. This “was not evidentiary proof in admissible form” (Banco Popular N. Am. v Victory Taxi Mgt., 1 NY3d 381, 384 [2004] [internal quotation marks omitted]). (Contrary to defendants’ claim, plaintiffs are not raising this argument for the first time on appeal; they even cited Banco Popular below.) However, in opposition to defendants’ cross motion and in further support of their own motion for partial summary judgment, plaintiffs submitted an affidavit from an attorney licensed to practice law in Germany. Defendants submitted nothing further in support of their cross motions. Thus, plaintiffs’ German law expert’s affidavit stands unrebutted.
Plaintiffs’ German law expert opined that ATI would be considered so well informed in business matters that it would be impossible for plaintiffs to exploit its predicament, inexperience, lack of judgment or weakness of will; hence, the loan agreement between ATI and plaintiffs could not be usurious. Plaintiffs’ German law expert also opined that neither the restricted shares given to plaintiffs nor the $500 per day late fee would be considered interest. Since the loan agreement and its amendments are not usurious under German law, it was proper to award summary judgment in favor of plaintiffs as against ATI and BTC (ATI changed its name to BTC in 2006) on plaintiffs’ first and seventh causes of action (breach of contract and action on a note, respectively). Plaintiffs did not waive their right to repayment; even after the October 2002 e-mail which, according to defendants, constitutes a waiver, defendants repeatedly acknowledged the loan as an outstanding obligation.
The court should have dismissed plaintiffs’ restitution/unjust enrichment claim (eighth cause of action) because such a claim can exist only when there is no contract, and there are contracts (the loan agreement and its amendments) in the case at bar (see e.g. Goldman v Metropolitan Life Ins. Co., 5 NY3d 561, 572 [2005]). However, this does not affect the amount of the judgment.
The court properly granted summary judgment on plaintiffs’ third cause of action, for account stated (see e.g. Rosenman Colin Freund Lewis & Cohen v Neuman, 93 AD2d 745, 746 [1983]).
We deny defendants’ request for sanctions against plaintiffs. Concur — Tom, J.P., Andrias, Friedman, Moskowitz and Renwick, JJ. [Prior Case History: 2011 NY Slip Op 30554(U).]