Lardon Constr. Corp. v Mark Cerrone, Inc. (2023 NY Slip Op 04263)

Lardon Constr. Corp. v Mark Cerrone, Inc.

2023 NY Slip Op 04263

Decided on August 11, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, AND GREENWOOD, JJ.

400 CA 22-01123

[*1]LARDON CONSTRUCTION CORP., PLAINTIFF-APPELLANT,
v
MARK CERRONE, INC., DEFENDANT-RESPONDENT, ET AL., DEFENDANT. 

GEFFREY GISMONDI LLC, TONAWANDA (GEFFREY GISMONDI OF COUNSEL), FOR PLAINTIFF-APPELLANT.
DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP, BUFFALO (THOMAS D. LYONS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Niagara County (Timothy J. Walker, A.J.), entered April 11, 2022. The judgment awarded defendant Mark Cerrone, Inc. the sum of $439,499.76 as against plaintiff. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Defendant Mark Cerrone, Inc. (Cerrone), a general contractor, entered into a subcontract with plaintiff pursuant to which plaintiff agreed to perform certain site clearing work in connection with a landfill expansion project. Plaintiff commenced this action for, inter alia, breach of contract, and defendants answered and asserted various counterclaims. Plaintiff now appeals from a judgment awarding Cerrone the sum of $439,499.76 as against plaintiff. That judgment was entered pursuant to a "decision, order, and judgment" that granted the motion of defendants for summary judgment dismissing plaintiff's complaint and on their breach of contract counterclaim.
Contrary to plaintiff's contention, we conclude that defendants established on their motion that plaintiff's clearing and grubbing work was contemplated within the subcontract and that, therefore, plaintiff is not entitled to extra costs in connection with such work (see Savin Bros. v State of New York, 62 AD2d 511, 516 [4th Dept 1978], affd 47 NY2d 934 [1979]). In opposition, plaintiff failed to raise a triable issue of fact with respect to that issue (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). There is no merit to plaintiff's argument that it did not read or was unaware of the project specifications (see Renee Knitwear Corp. v ADT Sec. Sys., Northeast, 277 AD2d 215, 216 [2d Dept 2000]). In any event, we further conclude, with respect to the issue of extra costs, that "defendant[s] established as a matter of law that plaintiff was obligated to seek compensation for the [alleged] extra work pursuant to the terms of the [sub]contract," which it failed to do in a timely manner (Adonis Constr., LLC v Battle Constr., Inc., 103 AD3d 1209, 1210 [4th Dept 2013]). Plaintiff failed to raise a triable issue of fact in that respect as well (see generally Zuckerman, 49 NY2d at 562). If plaintiff believed that the clearing and grubbing work was a change to its contracted work, plaintiff could have requested a change order with respect to such work pursuant to the terms of the subcontract, which it did not do.
Contrary to plaintiff's further contention, defendants established on their motion that plaintiff did not perform its screening work under the subcontract and is thus not entitled to recover lost profits in connection with such work. Plaintiff failed to raise a triable issue of fact in opposition in that respect, inasmuch as plaintiff's president made only conclusory statements regarding the screening work in his opposing affidavit (see Milstein v Montefiore Club of Buffalo, 47 AD2d 805, 805 [4th Dept 1975]).
Finally, we conclude that Supreme Court properly granted that part of the motion with respect to defendants' counterclaim for breach of contract. Contrary to plaintiff's contention, defendants established that plaintiff breached the subcontract, and defendants further submitted admissible evidence of their costs, establishing the amount due pursuant to plaintiff's breach (see generally J & J Structures v Callanan Indus., 215 AD2d 890, 892 [3d Dept 1995], lv denied 86 NY2d 708 [1995]). Plaintiff failed to raise a triable issue of fact in opposition (see generally Zuckerman, 49 NY2d at 562).
Entered: August 11, 2023
Ann Dillon Flynn
Clerk of the Court